UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| James Garland and Teresa Garland, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Bayview Loan Servicing, LLC,<br><br>　　　　　　Defendant. | CIVIL ACTION NO.<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

COME NOW the Plaintiffs, James Garland and Teresa Garland, by and through the undersigned counsel, and for their Class Action Complaint against the Defendant, Bayview Loan Servicing, LLC, states as follows:

## INTRODUCTION

1. James Garland and Teresa Garland, individually, and on behalf of all others similarly situated, bring this Complaint for damages for Defendant's illegal acquisition and use of credit reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.* and 28 U.S.C §§ 1331 and 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2).

1

## PARTIES

4. Plaintiff James Garland (hereinafter "Plaintiff James") is a natural person who resides in the City of Waterloo, County of Black Hawk, State of Iowa, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Plaintiff Teresa Garland (hereinafter "Plaintiff Teresa") is a natural person who resides in the City of Cedar Falls, County of Black Hawk, State of Iowa, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Bayview Loan Servicing, LLC ("Defendant") is a foreign corporation incorporated in Delaware with its headquarters located at 4425 Ponce De Leon Blvd., Coral Gables, Florida, 33146. Defendant has a registered agent in the State of Iowa of C T Corporation System, 400 E. Court Ave., Des Moines, Polk, Iowa, 50309. Defendant is a "person" as defined at 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

7. The Plaintiffs executed a note (hereinafter "Note") in favor of Citifinancial, Inc. The Note was secured by a mortgage (hereinafter "Mortgage") in favor of Citifinancial. Both the Note and the Mortgage were executed on May 31, 2006. The Mortgage was recorded in the Office of the Black Hawk County Recorder on May 31, 2006.

8. In 2007, the home was sold at a tax sale and the lien interest of Citifinancial was foreclosed through the tax sale process.

9. On July 12, 2011, the Plaintiffs filed for bankruptcy relief pursuant to Chapter 13 of the United States Bankruptcy Code. *In re James Garland and Teresa Garland,* no. 11-01639 (Bankr. N.D. Iowa).

10. At the time the bankruptcy petition was filed, the Plaintiffs listed the underlying liability on the Note as an unsecured debt.

11. The Chapter 13 case was later converted to a Chapter 7 bankruptcy.

12. On February 23, 2012, the U.S. Bankruptcy Court for the Northern District of Iowa entered a Discharge Order and thereby discharged the Plaintiffs' personal liability to any debt owing to Citifinancial, Inc.

13. On February 14, 2014, Citifinancial executed an Assignment of Mortgage that purported to assign the Mortgage to the Defendant. Said Assignment was recorded in the Office of the Black Hawk County Recorder on February 17, 2014.

14. Despite having no liability to Citifinancial or to Bayview, Bayview instituted a foreclosure action in March 2014 in the Iowa District Court for Black Hawk County. *Bayview Loan Servicing, LLC v. Garland, et al*, case no. EQCV124162.

15. Defendant, with whom Plaintiffs do not have a current credit relationship or account and did not have a credit relationship with Defendant after the bankruptcy discharge, illegally obtained and used Plaintiffs' personal credit information from Experian Information Solutions, Inc. (hereinafter "Experian") on January 7, 2014.

16. Defendant intentionally misrepresented to Experian that Plaintiffs had an existing credit relationship with Defendant which resulted in Experian releasing highly confidential and sensitive information concerning Plaintiffs.

17. Defendant did not have a permissible purpose to obtain Plaintiffs' credit report under 15 U.S.C. § 1681b(a).

18. The misrepresentation resulted in Defendant's illegal acquisition and use of Plaintiffs' Experian credit report in violation of 15 U.S.C. § 1681b(f).

19. As a result of Defendant's illegal acquisition and use of Plaintiffs' Experian credit report, Plaintiffs' privacy has been invaded.

## CLASS ALLEGATIONS

20. This action is brought on behalf of a class consisting of all persons whose credit files were accessed from two years prior to the filing of this complaint through to the present, by Defendant for the purpose of conducting an account review and/or credit review and whose account, at the time of the access, was not an open account or a closed account with a balance owing to Defendant. The class consists of primarily of persons who at some point had an account with Bayview and had those accounts discharged in bankruptcy, had that account discharged prior to acquisition by Bayview, or had an account that was otherwise closed. The class period begins two years before the date this case was filed and continues through the conclusion of this case.

21. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant has unlawfully accessed the credit files of hundreds of consumers in the United States.

22. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendant's conduct in connection with unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FCRA.

23. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendant.

24. The Plaintiffs will fairly and adequately protect the interests of the class, and is committed to vigorously litigating this matter. Plaintiffs have retained counsel experienced in handling class actions of this type and consumer claims. Neither Plaintiffs nor their counsel has any interest which might cause them not to vigorously pursue this claim.

25. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## TRIAL BY JURY

27. Plaintiffs are entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681, *et seq*.

28. Plaintiffs hereby incorporates by reference all preceding paragraphs as though fully stated herein.

29. Defendant lacked a permissible purpose in accessing Plaintiffs and the class's credit histories stored on Experian's database in violation of 15 U.S.C. § 1681b(f).

30. As a result of Defendant's violation of 15 U.S.C § 1681b(f), Plaintiffs and the class have suffered out-of-pocket expenses and emotional distress in an amount to be determined at trial.

31. Defendant's conduct, actions and inactions were willful, rendering it liable for statutory damages of $1,000 and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

32. As a direct and proximate result of Defendant's conduct as outlined above, Plaintiffs and the class are entitled to an award of statutory damages, such amount of punitive damages as the Court may allow, and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- certifying the action as a class;
- awarding appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- costs and reasonable attorney's fees pre and post judgment pursuant 15 U.S.C. §1681 *et seq.*; and
- for such other and further relief as may be just and proper.

Dated this 3d day of July, 2014.

                                By: */s/*Samuel Z. Marks
                                Samuel Z. Marks, Esq.
                                Attorney I.D. # IS9998821
                                L. Ashley Zubal, Esq.
                                Attorney I.D. # IS9998256
                                Marks Law Firm, P.C.
                                4225 University Ave.
                                Des Moines, IA 50311
                                Telephone: (515) 276-7211
                                Facsimile: (515) 276-6280
                                Email: Ashley@markslawdm.com

*Pending Pro Hac Vice Admission*      By: s/Thomas J. Lyons Jr.
                                Thomas J. Lyons, Jr., Esq.
                                Attorney I.D. #: 0249646
                                367 Commerce Ct.
                                Vadnais Heights, MN 55127
                                Telephone: (651)770-9707
                                Facsimile: (651)704-0907
                                Email: tommycjc@aol.com

                                *Attorneys for Plaintiff*

7

Case 6:14-cv-02044-EJM   Document 2   Filed 07/08/14   Page 7 of 7